UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

---------------------------------------------------------- x
                                                                       :

IN RE                                                        :

THE COLONIAL BANCGROUP, INC.,   :
                                                       :          Chapter 11
                    Debtor.                     :          Case No. 09-32303 (DHW)
---------------------------------------------------------- x
                                                         :

THE COLONIAL BANCGROUP, INC.,   :

                  Plaintiff,                 :

v.                                                            :          Adv. Proceeding No. _____(DHW)

FEDERAL DEPOSIT INSURANCE      :
CORPORATION, in its capacity as    :
receiver for Colonial Bank,          :

                  Defendant.              :
---------------------------------------------------------- x

**COMPLAINT SEEKING A DECLARATORY
JUDGMENT REGARDING THE DEBTOR'S OWNERSHIP OF
CERTAIN REAL PROPERTY UNDER SECTION 541 OF THE BANKRUPTCY CODE**

     The Colonial BancGroup, Inc., debtor and debtor in possession herein (the "<u>Plaintiff</u>"), by and through its undersigned counsel, files this Complaint (the "<u>Complaint</u>") and seeks a declaratory judgment that the Garland Road Property (as defined hereinbelow) is property of the Plaintiff's Chapter 11 estate under Section 541 of the Bankruptcy Code and that the Federal Deposit Insurance Corporation, as receiver for Colonial Bank (the "<u>Defendant</u>"), does not hold any lien, claim, right or interest in the Garland Road Property or proceeds thereof. In support hereof, the Plaintiff states and shows the following:

**Bankruptcy Filing and Case Background**

1. The Plaintiff is a corporation formed under the laws of the State of Delaware and, prior to the Petition Date (as defined below), was headquartered and conducted business at 100 Colonial Bank Boulevard, Montgomery, Alabama 36117, and owned Colonial Bank and certain non-banking subsidiaries.

2. The Defendant is sued in its capacity as the receiver for Colonial Bank.

**Jurisdiction and Venue**

3. This Court has jurisdiction over this adversary proceeding and the parties pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Factual Background**

4. On August 14, 2009, Colonial Bank was closed by the Alabama State Banking Department and the Defendant was appointed as receiver for Colonial Bank.

5. The Defendant sold and assigned substantially all of the assets of Colonial Bank to Branch Banking and Trust Company ("BB&T") pursuant to a Purchase and Assumption Agreement dated as of August 14, 2009, among the Federal Deposit Insurance Corporation (in both its corporate and receiver capacities) and BB&T.

6. On August 25, 2009 (the "Petition Date"), the Plaintiff filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Alabama, Northern Division. The Plaintiff continues to manage its business affairs as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

7. As of the Petition Date, the Plaintiff owned certain real property and improvements thereon located at 715 North Garland Avenue, Orlando, Florida 38201 (the "Garland Road Property").

8. The Plaintiff acquired ownership of the Garland Road Property as the result of a merger on or about September 18, 1998, of C&G Properties of Orlando, Inc., a Florida corporation, which at the time of the merger was the owner of the Garland Road Property.

9. As of the Petition Date and at all times thereafter, legal title to the Garland Road Property has been vested in the Plaintiff according to the real estate records in Orange County, Florida.

10. Prior to the Petition Date, Colonial Bank held a mortgage of record (the "<u>Mortgage</u>") with respect to the Garland Road Property to secure an indebtedness allegedly owed by the Plaintiff to Colonial Bank.

11. The Mortgage and the underlying indebtedness secured thereby were satisfied prior to the Petition Date from the proceeds of a condemnation award in the approximate amount of $2,592,900 pursuant to a Stipulated Order of Taking entered on or about October 16, 2007, by the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, in a condemnation proceeding instituted by the State of Florida Department of Transportation against the Debtor as owner of the subject property.

[*The remainder of this page is intentionally left blank.*]

# COUNT I

## Declaratory Judgment Pursuant to Section 541
## of the Bankruptcy Code Relating to Garland Road Property

12. The Plaintiff repeats and realleges the averments in paragraphs 1 through 11 of this Complaint as if restated verbatim in this paragraph.

13. The filing of the Plaintiff's bankruptcy petition commenced the underlying Chapter 11 case and created the bankruptcy estate under Section 541 of the Bankruptcy Code.

14. The Plaintiff's Chapter 11 estate is comprised of all legal and equitable interests of the Plaintiff in property as of the Petition Date pursuant to section 541 of the Bankruptcy Code.

15. As of the Petition Date, the Garland Road Property was titled in the Plaintiff's name.

16. In its proof of claim, the Defendant asserts that it has or may have an ownership interest in or other claim to the Garland Road Property. The basis for the FDIC-Receiver's assertion of an interest or a desire to conduct further investigation to ascertain whether or not an interest exists in the Garland Road Property is unclear.

17. The Plaintiff held all legal and equitable interests in the Garland Road Property as of the Petition Date.

18. In addition, the various exceptions to Section 541(a) of the Bankruptcy Code (as outlined in Sections 541(b), 541(c)(2) and 541(d) of the Bankruptcy Code) are not applicable to the Garland Road Property or any issues raised in this adversary proceeding.

19. Accordingly, pursuant to Section 541(a) of the Bankruptcy Code, the Garland Road Property is property of the Plaintiff's Chapter 11 estate.

WHEREFORE, the Plaintiff respectfully requests that (1) judgment be entered in favor of the Plaintiff under Count I, (2) the Court declare that the Garland Road Property is property of the estate and (3) the Court grant the Plaintiff such other and further relief as is just and proper under the circumstances.

# COUNT II

## Declaratory Judgment Determining Lack of Lien or Other Interest of Defendant in the Garland Road Property

20. The Plaintiff repeats and realleges the averments in paragraphs 1 through 19 of this Complaint as if restated verbatim in this paragraph.

21. The Mortgage was paid and satisfied prior to the Petition Date.

22. The Defendant has no basis for the assertion of any lien on or other rights in the Garland Road Property.

23. Accordingly, the Garland Road Property should be determined to be free and clear of any lien, claim or interest that the Defendant may assert.

WHEREFORE, the Plaintiff respectfully requests that (1) judgment be entered in favor of the Plaintiff under Count II, (2) the Court declare that the Garland Road Property is free and clear of any lien, claim or interest that the Defendant may assert and (3) the Court grant the Plaintiff such other and further relief as is just and proper under the circumstances.

Dated: March 5, 2010

C. Edward Dobbs, Esq.
edobbs@phrd.com

Rufus T. Dorsey, IV, Esq.
rdorsey@phrd.com

PARKER, HUDSON, RAINER & DOBBS LLP
1500 Marquis Two Tower
Atlanta, Georgia 30303
Telephone: (404) 523-5300
Facsimile: (404) 522-8409

By: _/s/ Rufus T. Dorsey, IV_

*Counsel for the Plaintiff*