UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re:<br><br>**THE COLONIAL BANCGROUP, INC.,**<br><br>Debtor. | **Chapter 11**<br><br>**Case No. 09-32303 (DHW)** |
| **THE COLONIAL BANCGROUP, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Colonial Bank,**<br><br>Defendant. | **Adv. Proc. No. 10-3019 (DHW)** |

## ANSWER

Defendant Federal Deposit Insurance Corporation, as receiver for Colonial Bank (the "FDIC-Receiver"), for its answer to the complaint in this adversary proceeding (the "Complaint") by plaintiff The Colonial BancGroup, Inc. (the "Debtor"), upon knowledge for itself and its own actions and upon information and belief as to all other matters, avers as follows:

## INTRODUCTION

The Federal Deposit Insurance Act, as amended, prohibits declaratory judgment actions to the extent that a receivership claimant seeks a judgment determining rights with respect to the assets of a failed bank. 12 U.S.C. § 1821(d)(13)(D)(i); *see National Union Fire Ins. Co. of Pittsburgh, PA. v. City Savings, FSB*, 28 F.3d 376 (3d Cir. 1994). For this reason, the FDIC-Receiver is today filing a motion to dismiss a separate declaratory judgment action that was filed

by the Debtor concurrently with this action and is now pending before the United States District Court for the Middle District of Alabama, *Colonial BancGroup, Inc. v. F.D.I.C.*, No. 2:10-cv-0410 (MHT) (M.D. Ala.).

While the FDIC-Receiver reserves all of its rights and arguments, it has agreed with the Debtor that the present action shall proceed in this Court in connection with an agreed resolution of the FDIC-Receiver's motion to withdraw the reference with respect to several different matters that were filed against it by the Debtor in this Court. To the extent that discovery establishes that any claim or defense that arises during the course of this action implicates the jurisdictional limitations of the FDI Act, including without limitation 12 U.S.C. §§ 1821(d)(13)(D) and 1821(j), the FDIC-Receiver reserves such defenses, as set forth below. Further, by consenting to proceed in this Court for the current adversary proceeding, the FDIC-Receiver does not waive, but expressly reserves, all objections to jurisdiction that might exist or arise with respect to any other matter or proceeding.

## RESPONSE TO ALLEGATIONS

1. Admits the allegations in paragraph 1 of the Complaint.

2. No response is required to the allegations in paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint states legal conclusions as to which no response is required. The FDIC-Receiver reserves all of its defenses.

4. Admits the allegations in paragraph 4 of the Complaint.

5. Admits that the FDIC-Receiver, together with the Federal Deposit Insurance Corporation in its corporate capacity (the "FDIC") entered into a purchase and assumption agreement dated as of August 14, 2009 (the "P&A Agreement") with Branch Banking & Truct Co. ("BB&T") and refers to the P&A Agreement for its terms.

6. Admits the allegations in paragraph 6 of the Complaint.

7. Denies the allegations in paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9. For its response to paragraph 9 to the Complaint, refers to the real estate records of Orange County, Florida for their contents and reserves all of its claims and defenses.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12. Refers to and incorporates by reference its responses to paragraphs 1 through 11 of the Complaint as if fully restated herein.

13. Paragraph 13 of the Complaint states a legal conclusion as to which no response is required.

14. Paragraph 14 of the Complaint states a legal conclusion as to which no response is required.

15. For its response to paragraph 15 to the Complaint, refers to the real estate records of Orange County, Florida for their contents and reserves all of its claims and defenses.

16. Admits that the FDIC-Receiver has asserted an ownership interest in, or other claim with respect to, the Garland Road property. No response is required to the second sentence of paragraph 16 of the Complaint. The FDIC-Receiver reserves all of its claims and defenses.

17. Denies the allegations in paragraph 17 of the Complaint.

18. Denies the allegations in paragraph 18 of the Complaint.

19. Denies the allegations in paragraph 19 of the Complaint.

20. Refers to and incorporates by reference its responses to paragraphs 1 through 19 of the Complaint as if fully restated herein.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22. Denies the allegations in paragraph 22 of the Complaint.

23. Denies the allegations in paragraph 23 of the Complaint.

24. Denies any and all remaining allegations that may be found in the Complaint.

## DEFENSES

The FDIC-Receiver states the following defenses without assuming the burden of proof as to any issue for which the burden is placed on another party. The FDIC-Receiver lacks knowledge or information sufficient to form a belief as to whether it has other, as yet unstated, defenses. The FDIC-Receiver reserves the right to assert, and hereby gives notice that it intends to rely upon, any other defense that may become available or appear during discovery or otherwise and reserves the right to amend its Answer to assert any such defense.

### First Defense

This Court lacks subject matter jurisdiction over some or all of the claims asserted in the Complaint.

### Second Defense

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Third Defense

Plaintiff fails to satisfy the requirements for entry of a declaratory judgment under Federal Rule of Civil Procedure 57 and the Declaratory Judgment Act, 28 U.S.C. § 2201.

### Fourth Defense

The FDIC-Receiver possesses a legal or equitable interest in the Garland Road real property and/or the improvements thereon within the meaning of section 541 of the Bankruptcy Code or other applicable law.

### Fifth Defense

Plaintiff's claims are barred under 12 U.S.C. § 1821(j) to the extent they seek to restrain or affect the exercise of powers or functions of the FDIC-Receiver.

### Sixth Defense

To the extent not raised in its receivership proof of claim, plaintiff's claims are barred under 12 U.S.C. § 1821(d).

### Seventh Defense

Plaintiff's claims are barred, in applicable part, by 12 U.S.C. § 1821(d)(13)(D).

## PRAYER FOR RELIEF

WHEREFORE, the FDIC-Receiver respectfully requests that the Court enter judgment dismissing with prejudice all of plaintiff's claims against the FDIC-Receiver, together with costs and attorneys' fees, and granting the FDIC-Receiver such other and further relief as the Court may deem just and proper.

Dated:  Montgomery, Alabama
       June 25, 2010

Respectfully submitted,

 /s/ Michael A. Fritz, Sr.
Michael A. Fritz, Sr.

Of Counsel:

Fritz & Hughes LLC
7020 Fain Park Drive Suite 1

Kathryn R. Norcross
Senior Counsel

Montgomery, Alabama 36117
(334) 215-4422

Jeffrey E. Schmitt
Counsel

- and -

Federal Deposit Insurance Corporation
3501 Fairfax Drive
Arlington, Virginia  22226
(703) 562-2429

Thomas R. Califano
John J. Clarke, Jr.
Michael D. Hynes
Spencer Stiefel
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York  10020-1104
Telephone:     212-335-4500
Facsimile:     212-335-4501

Attorneys for the
  Federal Deposit Insurance Corporation
  as Receiver for Colonial Bank

## CERTIFICATE OF SERVICE

I, Michael A. Fritz, Sr., certify that I have served a copy of the foregoing Motion on the following parties by either electronic mail or placing same in the United States Mail, postage prepaid and properly addressed, this the 25th day of June, 2010.

C. Edward Dobbs
Attorney for The Colonial BancGroup, Inc.

          /s/ Michael A. Fritz, Sr.
          Michael A. Fritz, Sr.